# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND,

        Plaintiff,

v.

OHIO DEPARTMENT OF
TRANSPORTATION, et al.,

        Defendants.

Case No. 1:16-cv-284

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This case involves competing claims for funds ("Funds") currently held by the Ohio Department of Transportation ("ODOT") and the Ohio Department of Budget and Management (jointly referred to with ODOT as "Ohio"). The IRS alleges that it is entitled to the Funds based upon a levy filed for delinquent taxes, while Plaintiff asserts that it is entitled to the same Funds, because the identified taxpayer never acquired any property interest in the Funds that would be subject to a levy. All parties agree that Ohio has no interest in the Funds.

The case has been referred to the undersigned magistrate judge for all pretrial proceedings, including the issuance of a Report and Recommendation on any dispositive motions. (Doc. 31). Currently pending is Ohio's motion to deposit the disputed Funds into the registry of this Court. For the following reasons, I recommend that Ohio's motion be GRANTED.

    **I.**    **Background**

Plaintiff initiated this declaratory judgment action on February 3, 2016, and filed an amended complaint on April 25, 2016. (Docs. 1, 12). In its amended complaint

Fidelity and Deposit Company of Maryland ("F&D") represents that it issued surety bonds to Cosmos Industrial Services, LLC ("Cosmos"). Cosmos was awarded contracts on projects by the Ohio Department of Transportation ("ODOT") throughout Ohio. The disputed Funds relate to those projects.

F&D alleges that Cosmos advised F&D in late August 2015 that it was no longer able to meet its payroll obligations on its bonded projects, and was therefore making a claim under the bonds. F&D agreed to provide the requested assistance under certain conditions, including the execution of Letters of Direction wherein Cosmos directed ODOT to pay to F&D any funds that would otherwise be due to Cosmos on the bonded projects. (Doc. 12 at ¶¶ 13, 14). The Letters of Direction are dated September 8, 2015, and were transmitted to ODOT by letter dated September 15, 2015. (*See* Docs. 12-1 through 12-10).

Also in September, Premier Bank & Trust, a non-party to the above action, filed suit against Cosmos in state court seeking the appointment of a Receiver to immediately take possession of all of Cosmos's property and assets. By Order filed on October 2, 2015, the Cuyahoga County Court of Common Pleas appointed a Receiver for Cosmos. (Doc. 12-11). The Order states that the Receiver "shall have the authority to operate and manage the subject business property, to collect all profits, rents and revenues generated there from to pay all necessary expense[s] relating to said management, <u>subject to existing letters of direction with F&D</u>." (Doc. 12-11 at 4, emphasis added).

Plaintiff F&D states that it began paying costs to complete the bonded work on or about September 1, 2015. (Doc. 12 at ¶15). Through December 31, 2015, Plaintiff

alleges that it spent more than $3.5 million dollars in claims to complete the bonded projects and to satisfy claims for vendors on bonded projects.

On or about October 26, 2015, the IRS issued an initial Notice of Levy to ODOT, relating to taxes allegedly owed by Cosmos for the tax year ending December 31, 2013. The IRS served an Amended Notice of Levy on both Ohio Defendants on December 28, 2015 for tax periods ending December 31, 2013, December 31, 2014, and March 31, 2015, relating to additional alleged tax liabilities of Cosmos. The initial and amended Levies served on Ohio reflect a liability of $1,336,105.82.

After this lawsuit was filed, on or about April 4, 2016, ODOT declared Cosmos in default and assigned the remaining scope of work for the Cosmos contracts to F&D. Ohio maintains that the total sum that it continues to hold in Funds relating to the original contracts, since the filing of this action, is $589,049.49. (Doc. 25 at 4). The total of the Funds is less than the amount sought by the IRS in its Levies, and also is less than the amount sought by F&D. F&D filed this suit in order to resolve the competing ownership claims to the Funds.

Plaintiff's complaint names the Ohio Defendants, the IRS, and Cosmos as co-defendants. While a nominal Defendant, Cosmos has not appeared in this action.[1] F&D's complaint seeks: (1) a declaratory judgment stating that F&D is entitled to the Ohio Funds; (2) an order directing Ohio to pay the Funds into this Court in return for dismissal of Ohio from "any further obligation to comply with the Initial Levy and Amended Levy," (3) assuming deposit of the Funds into this Court, an order directing the IRS, F&D, and Cosmos to present their respective claims; and (4) a judgment that

---

[1] Lisa Barbacci is the appointed Receiver for Cosmos.

Ohio held no Funds owed to Cosmos, such that the Levies "constitute wrongful levies of property in and to which F&D holds an interest superior to any interest of the IRS." (Doc. 12 at ¶47; *see also generally* ¶¶38-48).

It is undisputed that Ohio is a stakeholder only with no interest in the Funds. The parties further agree that the IRS may only levy property in which the taxpayer has an interest. *See generally U.S. v. National Bank of Commerce*, 472 U.S. 713, 720 (1985). The primary dispute, therefore, hinges on whether Cosmos obtained or retained any property interest in the Funds held by Ohio at the time the Levies were served. *See generally Com. of Ky. For Benefit of United Pacific Ins. Co. v. Laurel County*, 805 F.2d 528, 532 (6th Cir. 1986) ("The plaintiff surety does not, and in our view could not, argue that the levy in this case was improper or unlawful if taxpayer Y & S had any interest in the progress payment to which the tax lien could have attached.").[2] It should be noted, however, that F&D argues in the alternative that even if Cosmos had some interest in the Funds, F&D's lien would be superior and defeat any claim that otherwise could be asserted by the IRS.[3]

Ohio has moved to deposit the Funds into the registry of this Court and to be dismissed from this action under Rule 67(a), Fed. R. Civ. P. and Local Rule 77.2(b)(2). Ohio seeks to deposit the Funds in accordance with the requested relief in F&D's

---

[2] Although notable for the similarity of its fact pattern, *Laurel County* analyzed a prior version of 26 U.S.C. § 6332.

[3] F&D describes the Funds fall within three "'buckets' including a first bucket consisting of funds held due to the filing of lien claims that have been satisfied by F&D, a second bucket consisting of funds retained due to contractual terms required by federal law which were only satisfied by F&D, and a third bucket consisting of funds that are payable to F&D under principles of equitable subrogation to assure the reimbursement of the surety and application of the priorities recognized in *Reliance Insurance Co. v. Pearlman*, 371 U.S. 132 (1962) due to the payment of claims and the performance of the bonded obligations." (Doc. 26 at 4). The scope of this R&R is limited to the determination of whether to grant Ohio's motion. Therefore, the undersigned declines to consider any of the arguments devoted to the merits of F&D's claims at this time.

complaint, based upon its doubt as to which party is entitled to the Funds, and concern that Ohio otherwise will be put at risk of double liability. Ohio seeks an Order directing Ohio's dismissal from this litigation after deposit, and further restraining any party from commencing in any court any additional action against Ohio to recover the Funds.

Given that the relief requested by Ohio is identical to a portion of the relief sought by F&D, it is not surprising that F&D has filed a memorandum in favor of granting Ohio's motion. By contrast, the IRS opposes the requested relief, arguing that it is unnecessary and contrary to federal tax laws that set out a different process to determine the validity of a challenged levy.

**II.    Analysis**

**A. Subject Matter Jurisdiction**

At the outset, the undersigned briefly examines the question of this Court's subject matter jurisdiction. In *Bell v. Beckwith v. U.S., I.R.S.*, 766 F.2d 910, 916-917 (6th Cir. 1985), involving a similarly contested IRS levy, the Sixth Circuit held that without a separate federal question conferring jurisdiction, federal courts lack subject matter jurisdiction over interpleader claims like the one that concerns the Ohio Funds. However, in *Bell*, it was the brokerage firm holding the contested funds, against which the tax levy had been filed, that initiated the interpleader action. Ohio argues that *Bell* is distinguishable from the present case in part because this is not a stand-alone interpleader claim. Instead, F&D has asserted a federal claim for wrongful levy, which vests this Court with independent federal question jurisdiction. *See* 28 U.S.C. § 1331.

Although the Answer filed by the IRS initially left open the question of whether it would challenge subject matter jurisdiction, the IRS now concedes that *Bell v. Beckwith*

is distinguishable. Thus, there is no dispute among the parties that this Court has original jurisdiction over this action for wrongful levy under 28 U.S.C. § 1346(e).

The IRS draws a distinction, however, between this Court's uncontested original jurisdiction over the wrongful levy claim, and the exercise of supplemental jurisdiction over the Interpleader claim. The IRS does not challenge the contention that this Court *could* assert supplemental jurisdiction over the interpleader claim, but argues that "it is ill-advised to do so" given the statutory scheme set forth by Congress to resolve the type of claim presented. Under that regulatory scheme, the IRS urges this Court to deny Ohio's motion and the claim for interpleader as adding a wholly unnecessary and ill-advised level of redundancy to a clear statutory remedy. According to the IRS, the tax code already contains a generous grant of immunity to Ohio so long as it pays the levied Funds over to the IRS, while permitting F&D and the IRS to continue to litigate in this Court whether or not the levies were justified. If F&D subsequently proves its claim that the Funds were wrongfully levied, then the IRS would be required to repay the Funds to F&D, with interest.

**B. Whether to Exercise Supplemental Jurisdiction and Grant Ohio's Motion**

Whether to exercise supplemental jurisdiction over the Interpleader claim presents a relatively close issue. However, several factors weigh in favor of the exercise of supplemental jurisdiction, leading the undersigned to recommend granting Ohio's motion in this case.

First, when a federal court has original jurisdiction under § 1331, a district court "may decline to exercise supplemental jurisdiction over a claim" only under specified circumstances. Here, the IRS urges this Court to exercise its discretion to decline

6

supplemental jurisdiction on the basis of only one of those articulated factors, the existence of "exceptional circumstances" where there are "other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Thus, based upon the existence of original jurisdiction, this Court begins with the presumption that it should exercise supplemental jurisdiction over the interpleader claim, absent "exceptional circumstances" and "compelling reasons" to decline jurisdiction. Despite the IRS's attempts to make that showing, two significant ambiguities in the statutes cited by the IRS persuade the undersigned that the presumption in favor of supplemental jurisdiction should prevail.

The IRS refers to a detailed statutory scheme in the tax code that permits any person other than a taxpayer (such as F&D here) to file suit against the IRS in order to claim an interest in property that it alleges has been wrongfully levied upon, regardless of whether the holder of the property has surrendered it to the IRS. *See* 26 U.S.C. §7426(a). Based on the referenced statute, the IRS asserts that Ohio has been "unnecessarily dragged into this case by Plaintiff in the first place." (Doc. 27 at 4). To the extent that the Funds haven't yet been surrendered, the statute explicitly grants this Court jurisdiction "to grant an injunction to prohibit the enforcement of such levy…." 26 U.S.C. § 7426(b)(1). If this Court determines that the Funds have been wrongfully levied upon, the Court may: (A) order the return of specific property if the United States is in possession of such property; or (B) grant a judgment for the amount of money levied upon. 26 U.S.C. §7426(b)(2).

In addition to the statute authorizing F&D to pursue this wrongful levy lawsuit, the IRS suggests that the law requires Ohio to comply with the levies, while simultaneously

7

immunizing and absolving Ohio from any possible claim for wrongful payment – the primary reason for Ohio's motion.

To encourage third parties to comply with IRS levies, Congress enacted 26 U.S.C. § 6332. The first paragraph of that statute states:

> [A]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

*See* 26 U.S.C. §6332(a). The IRS interprets this provision as requiring Ohio to turn over the Funds to the IRS given the acknowledged receipt of the Notices of Levy. Another provision of the same statute states that a person who "fails or refuses to surrender" any property subject to levy is "liable in his own person" to the United States for the value of levied property, and may even be forced to pay an additional 50 percent penalty if the person lacked "reasonable cause" in failing to turn over the levied property. *See* 26 U.S.C. §6332(d).

While maintaining that Ohio should be made to turn over the Funds to the IRS, the IRS also points to §6332(e) to argue that Ohio's articulated concern that it may face liability to F&D if it complies with the Levies is unfounded. The referenced provision immunizes any person who complies with an IRS levy from being held liable either by the delinquent taxpayer or "any other person," including a third party like F&D.

> **Effect of honoring levy.--**Any person in possession of (or obligated with respect to) property or rights to property subject to levy…who, upon demand…surrenders such property …to the Secretary …shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

8

26 U.S.C. §6332(e).

As the IRS puts it, the tax code lays out a "well-established system …for the efficient and prompt collection of taxes and resolution of disputes that might arise when money is levied upon that a competing claimant contends does not belong to the taxpayer." (Doc. 27 at 1). The IRS says that Ohio can obtain the release from liability that it seeks simply by following the provisions of 26 U.S. § 7426 and paying the Funds to the IRS. If Plaintiff wins its wrongful-levy action, then the statute already allows this Court to direct the IRS to pay Plaintiff the Funds plus interest. The IRS explains:

> The…Internal Revenue Code provisions are not complicated, and provide for an efficient resolution about disputes over levied property that provides for the following three things: 1) payment of the property or rights to property of the taxpayer to the IRS, with immediate credit to the taxpayer's account, thereby stopping the accrual of interest to the extent of the amount credited; 2) a return of any money wrongfully levied upon to the person who brought the wrongful-levy action, plus interest from the date it was paid over; and 3) a discharge of any additional liability to the person who surrenders levied property to the IRS.

(Doc. 27 at 4). In short, because the wrongful levy statute appears to provide complete relief and fully protect the third party who obeys a levy, the IRS urges this Court to avoid adding an extra layer (the interpleader claim) that would unnecessarily complicate the statutory scheme, frustrate Congressional purpose, and add to the administrative burden of this Court, which must then account for the Funds. *See generally Massillion Indus. Credit Union v. Ehmern*, 2004 WL 2944156 at *4 (N.D. Ohio Sept. 10, 2004) (Court denied interpleader by plaintiff that had received "Notice of Levy" for funds held in taxpayer account, but later received letter from taxpayer threatening suit if plaintiff credit union honored the levy, while noting irreconcilable differing lines of judicial decisions applying 26 U.S.C. § 6332(e) to Rule 22's requirement of multiple exposure).

9

The IRS's position is clearly stated. The tax code, alas, is not. Two ambiguities preclude this Court from accepting the IRS's invitation to decline supplemental jurisdiction. First, the portion of §3662 that requires a holder of levied property to relinquish that property to the IRS is expressly conditioned on the property being "subject to levy." Notably, the effect of honoring a levy also immunizes only a person who surrenders property that is "subject to levy." Second, the statutes apply only to a "person." Simply stated, it is not clear that the State of Ohio constitutes a "person" under the referenced provisions of the federal tax code.

F&D's primary contention is that the Funds were never "subject to levy" because Cosmos never had or obtained any ownership interest in the Funds. Regulations that correspond to the statute are found at 26 C.F.R. § 301.6332, and provide some additional insight into whether and when property is to be considered "subject to levy." The regulation contains language that parallels the statute by setting forth that "[a]ny person…who, upon demand…, surrenders the property or rights to property subject to levy….is discharged from any obligation or liability…." 26 C.F.R. §301.6332.(c)(1).

Significantly, however, the regulation spells out exceptions to the discharge from liability "for certain incorrectly surrendered property." *See* 26 C.F.R. §301.6332(c)(2). Thus, if a person surrenders to the IRS property or rights in property "not properly subject to levy in which the delinquent taxpayer has no apparent interest" the person is expressly "not relieved of liability to a third party who has an interest in the property." *Id.* Only "if the delinquent taxpayer has an <u>apparent</u> interest…" and the person surrenders the property after making "<u>a good faith determination</u>" that the taxpayer has an apparent interest that has been levied upon by the IRS, is the person relieved of liability to a third

10

party "even if it is subsequently determined that the property was not properly subject to levy." *Id.* (emphasis added).

Several illustrative examples appear to support Ohio's articulated concern. For instance, in Example 2, A is said to be indebted to B for $400. "<u>Unbeknownst to A,</u> B has assigned his right to receive payment to C." 26 C.F.R. § 301.6332(c)(4), Example 2 (emphasis added). Example 2 explains that if A complies with an IRS notice of levy and surrenders the $400 to the IRS in response to a Notice of Levy for an unpaid tax liability due from B, "<u>with no knowledge of the assignment to C</u>" then A will have no obligation to pay B, the taxpayer, and will also be discharged from liability to C. *Id.* (emphasis added). Using Example 2, Ohio stands in the shoes of "A," with Cosmos in the shoes of "B" and F&D in the shoes of "C." Because Ohio was made aware of the assignment prior to its receipt of the Notices of Levy, Example 2 does not *necessarily* relieve Ohio from future liability to F&D. Examples 3 and 4 similarly suggest that where a Bank negligently releases funds that are not "subject to levy," it will not be relieved of its negligence for failing to attend to discrepancies in the name, address, or social security number of the person identified in the Notices of Levy. In other words, it is clear that 26 U.S.C. §6332(e) does not always immunize a holder of funds from liability, if the subject funds are not "subject to levy."

Though not raised by any party, the undersigned notes a second ambiguity exists concerning whether the statute and accompanying regulations – which apply to "any person" – apply to a state governmental entity. Under 26 U.S.C. § 6332(f), the term "person" is defined as including "an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to

11

surrender the property or rights to property, or to discharge the obligation." The language is inclusive rather than exclusive, and courts have determined that the broadest definitions of "person" under the Internal Revenue Code should apply. However, it remains unclear at this stage whether the definition would be expansive enough to include the State of Ohio.

If F&D were asserting a different wrongful levy claim and/or if Ohio had complied with the levy prior to receipt of the Letters of Direction, and assuming further that Ohio is a covered "person", then the IRS's argument might come closer to demonstrating the "exceptional circumstances" that would support declining supplemental jurisdiction over the interpleader claim. However, on the record presented, the undersigned concludes that Ohio's motion should be granted, with Ohio permitted to pay the Funds into the registry of the Court and be dismissed from this litigation. While the remedy sought by Ohio imposes an extra burden on this Court, it has the benefit of avoiding prejudice to Ohio or to any other party, including the IRS.[4]

### III. Conclusion and Recommendation

For the reasons explained above, IT IS RECOMMENDED THAT THE Motion of the Ohio Department of Transportation and the Ohio Office of Budget and Management to Deposit Funds and to be Dismissed as Parties (Doc. 25) be GRANTED. Upon adoption of this Report and Recommendation by the presiding district judge, the Ohio Defendants should be permitted to deposit $589,049.49 into the Registry of this Court under Local Rule 77.2 and Federal Rule of Civil Procedure 67(a), and should simultaneously be dismissed from this litigation.

---

[4] As Ohio points out in its reply, the IRS does not argue that it will be harmed if the Funds are deposited with this Court pending resolution of the underlying competing claims.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | Case No. 1:16-cv-284 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| OHIO DEPARTMENT OF TRANSPORTATION, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).