UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT, COMPANY OF MARYLAND, | : : : | Case No. 1:16-cv-284 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | Magistrate Judge Stephanie K. Bowman |
| vs. | : : | |
| OHIO DEPARTMENT OF TRANSPORTATION, *et al.*, | : : : | |
| Defendants. | : : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 57) AND
TERMINATING THIS CASE IN THIS COURT**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on November 22, 2017, submitted a Report and Recommendation. (Doc. 57). Defendant, the United States of America, and Plaintiff, Fidelity and Deposit Company of Maryland, each filed objections on 12/13/17. (Doc. 59; Doc. 60).

Defendant's objections are not well-taken. After reviewing both the Report and Recommendation and Defendant's objections, the Court finds that each of Defendant's five objections lack merit because: (1) The Report and Recommendation correctly determined that evaluating the existence of property rights under state law is a prerequisite for determining whether a federal tax lien can attach to alleged property;

1

(2) non-party Cosmos in fact had no property interest in the disputed funds generated after September 1, 2015—the property interest in those funds was held by Plaintiff as the performing surety; (3) The Report and Recommendation correctly applied the doctrine of subrogation to the facts of this case; (4) Plaintiff is entitled to the disputed funds generated before September 1, 2015 by virtue of its satisfaction of the outstanding mechanics' liens and fringe benefit claims that led to the withholding of those funds; (5) A declaration of default is not an absolute prerequisite to a performing surety's right to claim ownership of funds generated through performance.

The reasoning of the Report and Recommendation speaks for itself, and the Court fully adopts that reasoning as its own (with the exceptions of the minor adjustments articulated in this Order). Ultimately, Defendant advocates an untenable and inequitable resolution to this case. A ruling in Defendant's favor would hold that Plaintiff, despite doing all the work and generating all the expense required to generate the disputed funds in this case, had no property rights over any of the fruits of its labor. "Ultimately, the doctrine [of subrogation] will be invoked when necessary to prevent injustice." *Am. Ins. Co. v. Ohio Bur. of Workers Comp.*, 577 N.E.2d 756, 759 (Ohio Ct. App. 1991). That doctrine is appropriately invoked in this case.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendation should be and is hereby adopted.

Plaintiff's objections, while agreeing with the reasoning and conclusion of the Report and Recommendation, request certain clarifications which, after review, the Court finds are appropriate. The first such clarification is a minor typographical error from the Report and Recommendation. The Report and Recommendation states that "[b]etween September 2, 2014 and November 19, 2015, F&D also paid all thirteen outstanding mechanics' liens that ODOT had received." (Doc. 57, at 6). That first date should read "September 1, 2015" and not "September 2, 2014." The second request for clarification involves the Report and Recommendation's occasional reference to non-party Cosmos Industrial Services, LLC ("Cosmos") having "made a claim under the bonds." (*See, e.g. id.* at 15). Cosmos, as the principal, was the primary obligor under the bonds, and not a beneficiary—Cosmos accordingly could not "make a claim" under the bonds. Plaintiff's obligation to perform by maintaining the work flow on the bonded projects at issue in this case arose not due to any claim made by Cosmos but due to Plaintiff's status as the surety and secondary obligor with duties to the oblige under the bonds (in this case, the Ohio Department of Transportation). This clarification of the roles of Plaintiff and Cosmos does not affect this Court's complete adoption of the Report and Recommendation's conclusion or of its reasoning regarding the application of the principles of subrogation to this case. Other than the minor corrections identified above, the Report and Recommendation is adopted in its entirety.

Accordingly, **IT IS ORDERED** that:

1) The Report and Recommendation (Doc. 57) is **ADOPTED** in full but for the minor clarifications set forth in this Order at p. 3;

2) Plaintiff's motion for summary judgment (Doc. 43) is **GRANTED**;

3) Defendant's motion for summary judgment (Doc. 45) is **DENIED**;

4) The funds previously deposited with this Court pursuant to Local Rule 77.2 (*see* Doc. 42) shall be released in their entirety to Plaintiff, subject to the handling fees outlined in Local Rule 77.2(c);

5) The Clerk shall enter a judgment accordingly, whereupon this case shall be **CLOSED**.

**IT IS SO ORDERED**.

Date: 3/30/18  *s/Timothy S. Black*
Timothy S. Black
United States District Judge